UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20459-CR-COOKE/TORRES

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM KOSTOPOULOS,

Defendant.
_______________________________/

# **MOTION TO SUPPRESS EVIDENCE**

Defendant, William Kostopoulos, moves this Court to enter an Order suppressing all electronic information the government obtained when it searched the "Red cellular phone" without a valid search warrant and in support of this request submits the following:

## STATEMENT OF THE CASE, OF THE FACTS, AND OF WHY THE EVIDENCE SHOULD BE SUPPRESSED

Count I of Indictment No. 15-20459-CR-COOKE alleges that Kostopoulos violated Title 18, United States Code, §242 in the following manner:

> On or about March 15, 2011. . . the defendant. . .while acting under color of law, stole N.C.'s money and property during a traffic stop, willfully depriving N.C. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures by one acting under color of law. . .

The property allegedly stolen was a wallet. Count II alleges the same offense with the only differences being that it purportedly occurred on September 13, 2013, "H.G." was the

victim, and just money was stolen. Count III allegedly took place on October 11, 2013, it's victim was "S.G." and just money was purportedly taken.

In discovery and in another pleading it has filed, the government has notified Kostopoulos it will endeavor to prove these allegations against him by introducing evidence regarding two cellular telephones. One is a RED Samsung that bears the serial number A000001E75A5F3 (hereafter the Red phone or A5F3 or both). The other is a BLACK Samsung that bears the serial number A000001DCAD0A3 (hereafter the Black phone or D0A3 or both). Homestead Police Officers seized and searched these phones pursuant to a Search Warrant, attached hereto as Exhibit "A," that a Miami-Dade Circuit Court Judge issued on October 30, 2013. However, as demonstrated hereafter, this Search Warrant did not authorize the search of the Red phone and, accordingly, its contents must be excluded. (The contents include, but are not limited to, any and all call logs, telephone numbers, electronic address books, contact lists, telephone number lists, buddy lists, data, metadata, records, documents, digital photographs, electronic communications, and registry files tending to show ownership and/or dominion and/or control over the Red phone).

> We note that when officers search a location other than the one that the magistrate judge intended to be searched, as was the case here, there is no need to inquire into whether the warrant's description was sufficiently particular to satisfy the Fourth Amendment in order to determine if the search violated the Constitution, because the search was conducted without the authorization of a warrant. Such a warrantless search, absent some exception, violates the Fourth Amendment not because the description in the warrant was insufficient or inaccurate, but rather because the agents executing the search exceeded the authority that they had been granted by the magistrate judge.

*United States v. Voustianiouk*, 685 F.3d 206, 212 (2d Cir. 2012); *Maryland v. Garrison*, 480 U.S. 79, 84 85 (1987)("By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit.").

The constitutional deficiency of this Search Warrant is clear on its face. The section titled "DESCRIPTION OF PREMISES TO BE SEARCHED," lists both the Red phone and the Black phone. However, in the most crucial section of the Search Warrant, titled "PROPERTY SOUGHT," the issuing judge actually and exclusively authorized only the seizure and search of the Black phone ("D0A3"). The following is what the issuing judge authorized the police to seize and search.

> This Court authorizes the officers, agents, investigators of the above-referenced agencies to seize the below-listed evidence and to conduct a forensic search and preserve as evidence any of the listed items that may be in electronic or digital format:
>
> 1. Cellular telephone-Black Samsung Cell Phone, Model # SCH-R350, SR # A000001DCA0A3, Metro PCS, impounded under Homestead police case number 1131011-0036.
>
> 2. Cellular telephone-Black Samsung Cell Phone, Model # SCH-R350, SR # A000001DCA0A3, Metro PCS, impounded under Homestead police case number 1131011-0036. (Note: The phone described in Paragraph 1 is the same phone described in Paragraph 2.)
>
> 3. Telephone number assigned to the above referenced telephone. (Note: The "Property Sought" is cast in the

singular and the Black phone is the only one referenced above.)

4. Any and all telephone numbers of outgoing telephone calls or incoming telephone calls including but not limited to on October 14, 2013, the date of the execution of the search warrant, in order to identify other the owner of the Premises.

5. Any and all electronic address books, contact lists, telephone number lists, buddy lists or any other software program used for the electronic compilation of contact information, so that a comparison can be made with any telephone numbers found pursuant to paragraph four above, with numbers already stored in the user's contact list in an effort to identify the owner of the Premises.

6. Any and all data, metadata, records, documents, digital photographs, electronic communications, and registry files tending to show ownership and/or dominion and/or control over the above referenced telephone. (Note: Again, the word "telephone" is singular.)

As written, the Search Warrant just did not authorize the seizure and search of the Red phone. *United States v. Bershchansky*, 788 F.3d 102, 111 (2d Cir. 2015)(" We look directly to the text of the search warrant to determine the permissible scope of an authorized search."). And, it cannot be assumed the issuing magistrate intended to grant the officers authority to search and seize anything more than what is listed in Paragraphs 1-6 of the Search Warrant, i.e. the Black phone. *See Groh v. Ramirez,* 540 U.S. 551, 561, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) ("The mere fact that the Magistrate issued a warrant does not necessarily establish that he agreed that the scope of the search should be as broad as the affiant's request.").

*Groh* also forecloses two potential arguments that this constitutionally defective Search Warrant can survive its failure to identify the Red phone as being among the items authorized to be searched. First, the Search Warrant's incorporation of the Affidavit for Search Warrant, Exhibit "B," does nothing to bring the Red phone into the orbit of what the issuing magistrate authorized be seized and searched. The effort to incorporate into the Search Warrant the Affidavit for Search Warrant can be found in the Section titled "Ground for Issuance" on page 2 of Exhibit "A". Therein the Search Warrant identifies what is being incorporated--"[T]he facts upon which the Affiant's belief is based have been stated under oath and are set out in the Affiant's AFFIDAVIT FOR SEARCH WARRANT" and "are now incorporated herein and made a part of this SEARCH WARRANT." The best these facts establish is that one phone, not identified by color or serial number or otherwise, rang in the affiant's presence and displayed the photo of a Hispanic male.

Second, even if the Search Warrant had incorporated the entire Affidavit, nothing in the "Property Sought" section of the Affidavit expands the scope of the request to include the Red phone. This section reads in full as follows:

1. Cellular telephone-Black Samsung Cell Phone, Model # SCH-R350, SR # A000001DCA0A3, Metro PCS, impounded under Homestead police case number 1131011-0036.

2. Cellular telephone-Black Samsung Cell Phone, Model # SCH-R350, SR # A000001DCA0A3, Metro PCS, impounded under Homestead police case number 1131011-0036. (Note: The phone described in Paragraph 1 is the same phone described in Paragraph 2.)

3. Telephone number assigned to the above referenced telephone. (Note: This "Property Sought" is cast in the singular and the Black phone is the only one referenced above.)

4. Any and all telephone numbers of outgoing telephone calls or incoming telephone calls including but not limited to on October 14, 2013, the date of the execution of the search warrant, in order to identify other the owner of the Premises.

5. Any and all electronic address books, contact lists, telephone number lists, buddy lists or any other software program used for the electronic compilation of contact information, so that a comparison can be made with any telephone numbers found pursuant to paragraph four above, with numbers already stored in the user's contact list in an effort to identify the owner of the Premises.

6. Any and all data, metadata, records, documents, digital photographs, electronic communications, and registry files tending to show ownership and/or dominion and/or control over the above referenced telephone. (Note: Again, the word "telephone" is singular.)

The Affiant's identification of the Black phone only as the property the police were seeking to seize and search coupled with the magistrate's use of the exact same language to identify what the officers could seize and search, i.e. the Black phone, make it clear that (1) the warrant was limited to the Black phone; (2) the warrant did not authorize the police to seize and search the Red phone; and (3) the search and seizure of the Red phone was thus conducted without a warrant.

**MEMORANDUM OF LAW**

The Fourth Amendment to the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Vindication of this right is provided by the warrant requirement of the Fourth Amendment which requires that any search or seizure intruding upon an individual's privacy be justified by probable cause as determined by a "neutral and detached magistrate." *Johnson v. United States*, 333 U.S. 10, 14 (1948); *United States*

*v. Martin*, 297 F.3d 1308 (11th Cir. 2002). Accordingly, the general rule is, and has been, that a warrantless search is *per se* unreasonable under the Fourth Amendment.

This rule applies equally to the search and seizure of electronic data stored on a cellular phone. *Smallwood v. State*, 113 So. 3d 724, 736 (Fla. 2013) (Holding that "once a cell phone has been removed from the person of the arrestee, a warrant must be secured pursuant to *Gant* before officers may conduct a search that complies with United States Supreme Court precedent."); *See also*, *Arizona v. Gant*, 556 U.S. 332, 351 (2009) ("Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies."). The police did not obtain a warrant prior to searching the Red phone. As a result, all of the electronic data/information seized must be suppressed.

Moreover, the government cannot argue the police acted in good faith in searching the Red phone pursuant to the Search Warrant issued for the Black phone.

> Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in such circumstances, no reasonably well trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Finally, depending on the circumstances of the particular

> case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

*United States v. Leon*, 468 U.S. 897, 923 (1984) (Internal citations omitted). No matter how the Search Warrant is read, it clearly did not authorize a seizure and search of the Red phone (or any of the electronic data/information the police obtained as a result of that search) and any reliance on it is beyond what *Leon* tolerates. *United States v. Leon*, 468 U.S at 923. (Holding an "officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued."). There can be no excuse (and thus no exemption) for the failure to obtain a search warrant prior to searching the Red phone. As a result, the evidence the government obtained from this unlawful search must be suppressed.

Respectfully submitted,

/s/ Joel Kaplan

Joel Kaplan, Esq.
Attorney for KOSTOPOULOS
100 North Biscayne Blvd.
Suite 2100
Miami, Florida 33132
Tel: 305-374-2111
Fla. Bar No. 219371
E-mail: joelkaplanlaw@gmail.com

CASE NO. 15-20459-CR-COOKE/TORRES

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court via cm/ecf this 24th day of November, 2015.

/s/ Joel Kaplan

Joel Kaplan, Esq.