**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-20459-CR-COOKE/TORRES**

**UNITED STATES OF AMERICA**

**v.**

**WILLIAM KOSTOPOULOS,**

**Defendant.**
**________________________________/**

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE LAY TESTIMONY

The United States of America, through its undersigned attorneys, hereby files this Response in opposition to the Defendant's Response to the United States' Amended Notice of Intent to Utilize Lay Testimony and Motion To Exclude Said Testimony, ECF No. 131. The United States filed its original Notice to Utilize Lay Testimony a year ago, on January 28, 2016, ECF No. 44. In that Notice, the United States described its intention to offer at trial the testimony of Training Advisor and Miami-Dade Police Officer Dale Johnson. As the Notice described, the United States anticipated that Officer Johnson would testify about "how to conduct a traffic stop safely, properly, and consistent with MDPD policies and procedures; [and] how MDPD officers are trained to conduct traffic stops." Officer Johnson recently retired, and on January 13, 2017, the United States filed an amended notice, advising the defendant that the United States intended to substitute Training Advisor and Miami-Dade Police Officer Christopher Hodges's testimony for Officer Johnson's, ECF No. 119. As with Officer Johnson, the United States anticipates that Officer Hodges will testify as a lay witness at trial about how to conduct traffic stops, based on his

own experience and knowledge gained from his years of service as a police officer and trainer. He will not be asked to provide opinion testimony.

**II. Anticipated Testimony**

The United States intends to offer at trial the testimony of Officer Hodges on the subject of the training that Miami-Dade Police Department (MDPD) provides to both its new recruits and certified officers about how to properly and safely conduct traffic stops. The United States expects that Officer Hodges' testimony will include the fact that officers are trained that they must inform dispatch of their location, the license plate number of the vehicle they intend to stop, and a description of the vehicle; likewise, officers are trained to run the driver's information, and inform dispatch when the traffic stop has ended. Officers are trained not to accept a wallet from a driver, and to allow the stopped driver to leave the traffic stop before the officer. This lay testimony is relevant to the defendant's intent and willfulness, required elements of the 18 U.S.C. § 242 counts, and should be admitted.

Second, the United States anticipates that Officer Hodges will testify that based on his own experience and his familiarity with MDPD training, police officers accused of civil rights violations may be investigated by the FBI. This lay testimony is relevant to the federal nexus element of the 18 U.S.C. § 1512 count, and should be admitted.

**III. Officer Hodges' Lay Testimony Is Relevant and Admissible**

As Officer Hodges will be testifying about his own experience and knowledge – gained from his years of service as an MDPD officer – including his experience in training MDPD officers, he is a lay witness. Under Fed. R. of Evid. 701, witnesses may testify "based on their particularized knowledge garnered from years of experience within the field." *Tampa Bay*

*Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003).

Officer Hodges' anticipated testimony does not constitute expert testimony under Fed R. Evid. 702, as the defendant contends. He will testify to how he trains MDPD officers, and his own knowledge of MDPD procedures based on his years of experience. Admission of this type of lay testimony is consistent with the approach the Eleventh Circuit has previously taken on the subject.

For example, in *United States v. Collado*, the defendant was charged with stealing two containers of frozen shrimp from a shipping container yard. 439 F. App'x 845 (11th Cir. 2011). Part of his defense was that he did not know that the shrimp was stolen. The district court admitted lay testimony from witnesses about the standard practices of truck drivers, based on their own personal knowledge and experience. *Id*. at 848-49. One witness testified that when truckers came to the yard to pick up cargo, they were required to present paperwork, to inspect the contents of what is being picked up and to sign that paperwork. The owner of the trucking company testified that the defendant worked for his company and that the defendant was required by the company and federal law to document his time and what he transported. *Id*. The government argued that the defendant's failure to comply with these requirements was evidence that the defendant knew he was involved in an illegal scheme. *Id*. The Eleventh Circuit held that this was permissible lay testimony, because the witnesses testified about industry standards and practices that they were familiar with "based on their own observations and personal experience." *Id*.

Additionally, in *United States v. Graham*, the Court held that a witness who testified about conduct regarding fraudulent mortgage transactions was properly admitted under Rule 701, because his testimony "was based on his own personal knowledge of mortgage fraud, which he had acquired through his experience as a former real estate closing attorney who had engaged in fraudulent transactions of that nature…." 643 F.3d 885, 898-99 (11th Cir. 2011). The court held

that "a witness who has particularized knowledge by virtue of his position in a certain company can give an opinion about the manner in which that company conducts its business, even if the witness is not qualified as an expert under Fed. R. Evid. 702." *United States v. Graham*, 643 F.3d 885, 898 (11th Cir. 2011) (citing *Tampa Bay Shipbuilding & Repair Co.*, 320 F.3d at 1223). Here, as the United States does not intend to offer opinion testimony from Officer Hodges, his testimony based on his particularized knowledge gained by virtue of his position as an officer should be even more clearly admissible as lay testimony.

The defendant's objection to Officer Hodges blurs this distinction between opinion testimony and lay testimony to argue that Officer Hodges testimony is inappropriate because he does not have firsthand knowledge of the case. *See* Def. Motion at 4, ECF No. 131, citing, *inter alia*, *United States v. Vinales*, 658 F. App'x 511 (11th Cir. 2016). In *Vinales*, the case most heavily relied on by the defendant, the Eleventh Circuit permitted a case agent to testify as to his opinions, based on his experience both as a DEA agent generally, and during his investigation into that particular defendant, about the meaning of certain code words used during the defendant's drug transactions. *Vinales*, 658 F. App'x at 521, 522. Likewise, *United States v. Jayyousi*, 657 F.3d 1085 (11th Cir. 2011), and *United States v. Rivera*, 780 F.3d 1084, 1094 (11th Cir. 2015), both concern *opinion* testimony by case agents or cooperators.

The defendant misapplies *Vinales* and the other cases cited. Officer Hodges will not be offering opinion testimony. Rather, he will testify as to how MDPD officers are trained to conduct traffic stops. The United States provided a Notice regarding his testimony in an abundance of caution because, based on his experience in the field and his position, had the United States called him at trial without first flagging the issue, the defense may have otherwise believed he was being called as an expert witness. Neither the Rules of Evidence nor the case law require a lay witness

who is testifying to facts, not opinions, to have been an active participant in the particular case being tried.

Further, Officer Hodges' testimony is relevant because, as discussed in prior motions, and as argued recently during trial, evidence regarding how MDPD officers are trained to conduct traffic stops, and their common knowledge that the FBI investigates civil rights violations committed by police officers acting under color of law, is needed to prove essential elements of all three charged counts. First, 18 U.S.C. § 242 requires the United States to prove the defendant acted willfully, or stated differently, with a bad purpose to disobey or disregard the law. Frequently, "especially where [an] issue involves the actor's state of mind . . . the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States*, 485 U.S. 681, 685 (1988) (discussing evidence of defendant's extrinsic acts). The defendant's training about how to safely and properly conduct traffic stops, when considered in conjunction with documents and testimony offered through other witnesses that show that the defendant failed to adhere to MDPD procedures and training, provides relevant circumstantial evidence of the defendant's willfulness in taking the victims' money. *See United States v. House*, 684 F.3d 1173, 1200 (11th Cir. 2012) (noting, in a discussion of Section 242's intent element, that "[t]his Court has recognized that a series of individual actions that support an innocent explanation when viewed in a vacuum, may in combination provide sufficient evidence for a reasonable juror to infer a defendant's intent.") (internal quotation marks omitted); *United States v. Simmons*, 470 F.3d 1115, 1125-26 (5th Cir. 2006) (holding it was proper to admit evidence that the defendant police officer, who had raped a woman after a traffic stop, had failed to follow proper department procedure in logging in evidence relating to underlying stop and emphasizing relevance of this evidence to consciousness of guilt); *United States v. Brown*, 250 F.3d 580, 586 (7th Cir. 2001) (affirming

conviction and citing defendant's failure to file a report in accordance with police department policy as proof of defendant's specific intent).

Second, to prove the 18 U.S.C. § 1512 violation charged in Count Four, the government must prove that it was reasonably likely that, absent the defendant's obstruction, information about the potential crime would have been transferred to federal authorities. Evidence that establishes this federal nexus requirement can "be inferred by the jury from the fact that the offense was federal in nature plus appropriate evidence." *United States v. Causey*, 185 F.3d 407, 422 (5th Cir. 1999) (quoting *United States v. Bell*, 113 F.3d 1345, 1349 (3d Cir. 1997) (internal quotation marks omitted)). "Appropriate evidence" includes the defendant's law enforcement experience and training, *see United States v. Carson*, 560 F.3d 566 (6th Cir. 2009) (discussing *United States v. Ronda*, 455 F.3d 1273, 1286 (11th Cir. 2006) with approval); *United States v. Guadalupe*, 402 F.3d 409, 412-14 (3d Cir. 2005) (additional evidence includes the defendant's knowledge as inferred by his position and experience as a prison administrator, including his knowledge of civil cases brought under 42 U.S.C. § 1983); and evidence that the FBI "investigates potential violations of federal constitutional and civil rights by local, state and federal officials, and has on a number of occasions investigated actions by police officers in South Florida," *Ronda*, 455 F.3d at 1286.

## IV. Conclusion

For the foregoing reasons, the testimony of Officer Hodges that the United States intends to offer is relevant and admissible lay testimony. Accordingly, the United States respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/ Edward N. Stamm*___________
EDWARD N. STAMM
FL Bar No. 373826
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9164
edward.stamm@usdoj.gov

*s/ Tonya R. Long*_________________
TONYA R. LONG
Court ID No. A5501902
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
tel: (305) 961-9112
fax: (305) 530-7976
tonya.long@usdoj.gov

*s/ Samantha Trepel*___________
SAMANTHA TREPEL
Court ID No. A5501689
Trial Attorney, Civil Rights Division
950 Pennsylvania Avenue NW, PHB
Washington, DC 20530
(202) 305-3204

(202) 514-8336
samantha.trepel@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 25, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/ Samantha Trepel*_________________
SAMANTHA TREPEL
Trial Attorney