**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-20459-CR-COOKE/TORRES**

**UNITED STATES OF AMERICA**

**v.**

**WILLIAM KOSTOPOULOS,**

**Defendant.**
**_________________________________/**

**UNITED STATES' SUBMISSION REGARDING 18 U.S.C. § 1512(b)(3)**

The United States of America, by and through its undersigned attorneys, hereby submits the following summary discussion of 18 U.S.C. § 1512(b)(3) and the applicable case law for the consideration of the Court. This submission is being provided in response to the Court's request made during the Rule 29 arguments which took place at the close of the government's case during the afternoon session of trial on Monday, January 30, 2017.

Based on the government's understanding of the Court's request, and the expedited briefing schedule, the government has attempted to collect and summarize the relevant case law interpreting §1512(b)(3), including the Supreme court's decision in *Fowler* and cases applying *Fowler*. However, because of the relatively limited time available within the context of actively trying the case on January 30 and January 31, 2017, this submission is not intended to be a full and complete response to the Rule 29 motion as it relates to the count in issue.

**I. 18 U.S.C. § 1512(b)(3) Elements and Applicable Case Law**

Count Four of the Indictment (now renumbered as Count Three) charges the defendant

with violating 18 U.S.C. § 1512(b)(3). Section 1512(b)(3) of Title 18, United States Code, states in relevant part the following:

> Whoever knowingly . . . engages in misleading conduct toward another person, with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer . . . of the United States of information relating to the commission or possible commission of a Federal offense [violates 18 U.S.C. § 1512(b)(3)].

To establish a violation of § 1512(b)(3), the government must prove each of the following beyond a reasonable doubt:

First: That the defendant knowingly engaged in misleading conduct toward another person, here the Homestead Police Department (HPD) detectives;

Second: That the defendant acted with the intent to hinder, delay, or prevent the communication of information, and that it was reasonably likely that the information would have been transferred to a federal law enforcement officer or federal judge; and

Third: That the information related to the commission or the possible commission of a federal offense.

18 U.S.C. § 1512(b)(3); Eleventh Circuit Pat. Instr. Crim., No. 59.2, Annotations and Comments (noting there is no pattern Eleventh Circuit jury instruction for 18 U.S.C. § 1512(b)(3), but noting that the Eleventh Circuit has held that section (b)(3) does not require that a federal investigation be initiated or that an official proceeding be ongoing); *Fowler v. United States*, 131 S. Ct. 2045, 2052 (2011); *United States v. Jones*, 489 F. App'x 364, 366 (11th Cir. 2013).

1. Knowingly Engaged in Misleading Conduct Toward Another Person

To prove that the defendant knowingly engaged in misleading conduct, the United States must show that the defendant intentionally made false statements and/or omitted or concealed information. *United States v. Romero*, 518 F. App'x 648, 652 (11th Cir. 2013) (holding that based on evidence that the defendant knowingly made false statements and intentionally omitted and

concealed information, "a jury could reasonably conclude that [the defendant] engaged in 'misleading conduct' as required for conviction under [the statute]"). Based on the tenor of the initial Rule 29 argument, it did not appear that the legal standard for this element was in dispute or unclear.

2. Intent to Hinder, Delay, or Prevent Communication

***United States v. Fowler*, 563 U.S. 668 (2011)**

To establish the second element, the United States must show that the defendant acted with the intent to hinder, delay, or prevent the communication of truthful information, and that there was a reasonable likelihood that, absent the obstructive conduct, that information would have been transferred to federal authorities. The United States is required only to prove that the defendant acted with the intent to hinder, delay, or prevent the communication of truthful information generally. *Fowler v. United States*, 563 U.S. 668, 671-72 (2011). There is no requirement that the government prove the defendant had "a specific intent to mislead federal officials." *United States v. Ronda*, 455 F.3d 1273, 1285 (2006); *Fowler*, 563 U.S. at 671-72 (citing statutory language at § 1512(g)(2) that "'no state of mind need to be proven with respect to the circumstance . . . that the law enforcement officer is an officer or employee of the Federal Government'"); *United States v. Veliz*, 800 F.3d 63, 73-74 (2d Cir. 2015) (noting that the statute requires only "'a specific intent to interfere with the communication of information'" generally and repeating *Fowler*'s language that no state of mind need be proved regarding the federal identity of the law enforcement officer).

The "reasonable likelihood" standard comes from the Supreme Court's holding *United States v. Fowler*, 563 U.S. 668 (2011). *Fowler* addressed the federal prosecution, under 18 U.S.C. § 1512 (a)(1)(C), of a defendant who encountered a local police officer while preparing to rob a bank. The officer confronted the defendant, who shot and killed the officer. The defendant was

then convicted of violating the federal witness tampering statute. He argued on appeal that the evidence was insufficient to show that he had killed the local officer intending to prevent the local officer from communicating with a federal officer, when no federal investigation was pending (as the defendant had not yet robbed the bank). The Eleventh Circuit disagreed, holding that a "showing of a 'possible or potential communication to federal authorities' was sufficient." *Fowler*, 563 U.S. at 671.

The Supreme Court granted certiorari to address the question of what the Government must prove to establish this "federal nexus." The Court held that "the Government must show that there was a *reasonable likelihood* that a relevant communication would have been made to a federal officer." *Id.* at 670 (emphasis in original). As *Fowler* explained, the federal nexus requirement applies because the statutory language makes clear that the defendant need not have been thinking about any particular officer or even federal officers in general. *Id.* at 673, 671-72 (citing § 1512(g)(2)); *see United States v. Chafin*, 808 F.3d 1263 (2015) (applying *Fowler*'s reasonable likelihood test to § 1512(b)(3)); *United States v. Veliz*, 800 F.3d 63, 74 (2d Cir. 2015) (same).

The Court then elaborated on the "reasonable likelihood" standard it established. "The Government need not show that such a communication, had it occurred, would have been federal beyond a reasonable doubt, nor even that it is more likely than not . . . . But the Government must show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical." 563 U.S. at 678.

***United States v. Ronga*, No. 2:15-cr-13, 2015 WL 6750761 (M.D. Fl. Nov. 5, 2015)**

*United States v. Ronga*, No. 2:15-cr-13, 2015 WL 6750761 (Nov. 11, 2015 M.D. Fla.), a case tried after the *Fowler* decision, presents a situation almost identical to this case. Defendant Ronga was a former Lee County Sheriff's Deputy who was charged with violating 18 U.S.C. §

242 and 18 U.S.C. § 1512(b)(3) for assaulting an illegal alien under color of law, taking his money and his phone, and then for obstructing justice by making false statements about the incident to his superior officer, a Captain with the Lee County Sheriff's Office. During that interview, the captain addressed no issues relating to a federal crime with the defendant. *Id.* at *3. An FBI Special Agent then contacted the Sheriff's Office after hearing about the incident in the media and began an investigation. After pointing out that *Fowler* required only "that the likelihood of communication to a federal officer was more than remote, or simply hypothetical," the District Court looked to the evidence presented showing the civil rights violation, and found it "reasonably likely that the [Sheriff's Office] would have communicated Defendant's violation of civil rights to federal investigators." *Id.* The Court thus denied Ronga's motion for judgment of acquittal.

***United States v. Chafin*, 808 F.3d 1263 (11th Cir. 2015)**

*United States v. Chafin*, 808 F.3d 1263 (11th Cir. 2015), a case discussed during the initial Rule 29 argument, does not change the "more than remote, or simply hypothetical" standard created by the Supreme Court and applied to the virtually identical factual setting in *Ronga*. Instead, *Chafin* dealt with a case where the Eleventh Circuit looked back to see if the evidence presented at the trial – which occurred prior to *Fowler* – was sufficient to satisfy the new "reasonable likelihood" standard *Fowler* enunciated. 808 F.3d at 1274.

The facts analyzed by the Court in *Chafin* bear no resemblance to this case. In *Chafin*, a former county sheriff was convicted, following a bench trial, of federal program embezzlement and violating § 1512(b)(3) for making false statements to a Georgia Bureau of Investigation agent. The Court found that at trial, the Government had "introduced *no evidence* showing that [the sheriff's] statements to the local agent investigating the alleged misuse of the jail commissary account were reasonably likely to be communicated to federal authorities." *Id.* at 1274 (emphasis

added). Indeed, the Court noted that the only evidence elicited by the Government on the federal nexus point proved that the local agent had explicitly told the sheriff that "the local district attorney had initiated the investigation." *Id.*

As an initial matter, it is important to note that *Chafin* did not involve civil rights allegations, unlike this case and *Ronga*. In addition, in this case, unlike the absence of proof found in *Chafin*, the government elicited testimony from FBI Supervisory Special Agent Antonio Castañeda detailing the FBI's active program of obtaining information about alleged possible civil rights violations and reviewing them for possible federal investigation and prosecution, along with the testimony MDPD Officer Hodges, MDPD Sgt. Jackson, and Homestead Police Department Detective David Mata about either the possibility of federal civil rights investigations and/or the transfer of information to the FBI of information regarding this particular investigation.

***United States v. Veliz*, 800 F.3d 63 (2d Cir. 2015)**

In *United States v. Veliz*, 800 F.3d 63 (2d Cir. 2015), the Second Circuit rejected a challenge to a conviction under §1512(b)(3) in a case involving RICO violations and witness tampering for soliciting the murder of an accomplice arising from the notorious brutal murders of Ben Novack and his mother, Bernice Novack, by his ex-wife. In this post-*Fowler* decision, the Court made it clear that § 1512 applied where the defendant seeks to prevent a communication to law enforcement in general, and not to federal law enforcement. 800 F.3d at 73-74. *Veliz* then went on to analyze the evidence under the standard requiring only that the transmission be "more than remote, outlandish, or simply hypothetical." *Id.* at 74. The Court held that because the defendant committed multiple related crimes across multiple states, the jury reasonably found that federal involvement was reasonably likely. *Id.* at 75. The Court further noted that even "the very fact that communication with federal officials took place months [later] . . . lends some support to

a finding that the communications were reasonably likely." *Id.*

*Fowler*'s holding addresses only the correct standard for this federal nexus requirement. It does not therefore change prior case law interpreting § 1512(b)(3). Pre- and post-*Fowler* law both explain the type of evidence the United States may rely on to establish the federal nexus – the reasonable likelihood that the communication would have been made to a federal officer. *See United States v. Veliz,* 800 F.3d 63 (2015) (noting that the same evidentiary "framework remains valid in light of *Fowler*"); *United States v. Ramos-Cruz*, 667 F.3d 487, 497 (4th Cir. 2012) (discussing evidence establishing federal nexus and citing pre-*Fowler* cases).

***United States v. Ronda*, 455 F.3d 1273, 1285 (11th Cir. 2006)**

*United States v. Ronda*, 455 F.3d 1273, 1285 (11th Cir. 2006), was a prosecution of Miami-Dade police officers for conspiracy to obstruct justice and obstruction of justice resulting from four police shootings where the defendant officers planted guns and made false statements to investigators to make the shootings appear justified. There, the Court, using the pre-*Fowler* "probability" or "likelihood" standard, found that a federal investigation was "highly probable" based on evidence that (1) local officials routinely forward information involving police shootings to the FBI for their review; and (2) the FBI's Civil Rights Squad regularly conducts investigations of allegations of excessive force by state officials, including South Florida police officers. *Id.* at 1286.

Although *Ronda* was decided pre-*Fowler*, *Fowler* did not overturn it because the *Ronda* court examined the federal nexus evidence using a standard at least as stringent as that required by *Fowler*. *Aguero v. United States*, No. 11-CIV-22567-GOLD/GOODMAN at *11 (S.D. Fla. Aug. 28, 2013), *aff'd* 580 F. App'x 748 (11th Cir. 2014) (explaining that "*Fowler* did not overturn *Ronda*" because the "'likelihood standard' [used by the *Ronda* court] is at least as onerous as

*Fowler*'s 'reasonable likelihood' standard") (attached). In *Aguero*, the district court rejected the claim, raised by one of the *Ronda* defendants in a § 2255 motion, that the evidence elicited at trial was insufficient to establish the federal nexus, "a relatively low bar." *Id.* at *11. The Eleventh Circuit affirmed both the conviction and its federal nexus analysis in *Ronda*, holding that the evidence at trial "showed the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical," *Aguero*, 580 F. App'x at 753 (citing *Fowler*, 563 U.S. ---, 131 S. Ct. 2045, 2052 (2011)).

Here, the United States has proved that the communication of information to the FBI was at least reasonably likely. The defendant is charged with, and evidence sufficient for a reasonable jury to convict has established, that the defendant committed two federal civil rights violations. As in *Veliz* and *Ronga*, the federal nature of these charges and the fact that Homestead detectives did, in fact, transfer the information to the FBI, establishes the federal nexus element. Further, the United States presented evidence that from FBI Supervisory Special Agent Antonio Castañeda detailing the FBI's active program of obtaining information about alleged possible civil rights violations and reviewing them for possible federal investigation and prosecution, along with the testimony MDPD Officer Hodges, MDPD Sgt. Jackson, and Homestead Police Department Detective David Mata about either the possibility of federal civil rights investigations and/or the transfer of information to the FBI of information regarding this particular investigation. This evidence establishes the federal nexus requirement to at least a reasonable likelihood.

3. <u>Federal Offense</u>

The fact that the offense being concealed was in fact federal is established by the same evidence that proves the Section 242 violations charged in former Counts Two and Three. However, because the statute explicitly refers to the *possible* commission of a federal offense, to

be convicted under this statute, the defendant need not be found guilty of the underlying Section 242 charges. *See* 18 U.S.C. § 1512(b)(3) (referring to the "commission or *possible* commission of a Federal offense") (emphasis added).

## II. Conclusion

The United States has submitted the following summary discussion of 18 U.S.C. § 1512(b)(3) and the applicable case law for the consideration of the Court. Due to the relatively limited time available, this submission is not intended to be a full and complete response to the Rule 29 motion as it relates to the count in issue.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/ Edward N. Stamm*___________
EDWARD N. STAMM
FL Bar No. 373826
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9164
edward.stamm@usdoj.gov

*s/ Tonya R. Long*_________________
TONYA R. LONG
Court ID No. A5501902
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
tel: (305) 961-9112
fax: (305) 530-7976
tonya.long@usdoj.gov

*s/ Samantha Trepel*___________
SAMANTHA TREPEL
Court ID No. A5501689
Trial Attorney, Civil Rights Division
950 Pennsylvania Avenue NW, PHB
Washington, DC 20530
(202) 305-3204
(202) 514-8336
samantha.trepel@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 1, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/ Samantha Trepel*__________________
SAMANTHA TREPEL
Trial Attorney